IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Southern Division

ADAM HAMMOND, )
)
        Movant, )
)
vs. ) Case No. 14-03049-CV-S-HFS-P
) Crim. No. 11-03038-01-CR-S-RED
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

## REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION
## TO MOVANT'S MOTION UNDER 28 U.S.C. § 2255

COMES NOW, Adam Hammond, Movant, Pro Se, and respectfully submits this reply to the government's response in opposition to Movant's motion under 28 U.S.C. § 2255. In support, Movant states as follows:

A.    Ineffective Assistance - Count One

Mr. Hammond's defense counsel Mr. Ian Lewis rendered ineffective assistance by: (1) failing to fully understand the liability created by a violation of 18 U.S.C. § 2422(b) that is dependent on the violation or attempted violation of a state crime, and (2) the ambiguity created by the lack of a definition for the term "sexual activity".

1. As is well addressed in Movant's § 2255 motion, the liability created by application of 18 U.S.C. § 2422(b) is limited to the jurisdiction and venue restrictions of state <u>and</u> federal law. Federal law can properly incorporate by reference the

- 1 -

criminal law (statute) of the state in which the offenses occured. See Doc 1 at 5.

At issue here is the indictment's failure to properly inform Mr. Hammond of what specific Missouri statute he would have violated. What is interesting is that while the indictment is silent concerning which laws of the State of Missouri would have been violated, thegovernment's response states exactly what the indictment should have. See Response at 7 which lists the specific Missouri statute and the multiple elements and subsections that would apply. So in orderto comply with the requirements as set forth in Hamling v. United States, 418 U.S. 87, 117 (1974), if a violation of 18 U.S.C. § 2422(b) is dependent by reference on the violation of a state crime, then the state statute along with the elements and subsections applicable would need to be included in the indictment. And therein lies the problem here. Mr. Hammond's indictment is silent concerning the Missouri state statutes. It is based on the preceding that calls into question the sufficiency of the indictment. Mr. Lewis should have known this and advised Mr. Hammond accordingly. This was ineffective resulting in prejudice.

While undecided in the Eighth Circuit, the Seventh Circuit addressed this issue in United States v. Mannava, 565 F.3d 412 (7th Cir. 2009). In Mannava, the government failed to list what Indiana state offenses the defendant was attempting to violate, which would constitute a violation of 18 U.S.C. § 2422(b). At trial a jury convicted the defendant without a unaminous determination that the defendant had violated one or both of

the Indiana statues identified by the government. The
Seventh Circuit reversed and remanded finding that it was an
error to allow the jury to convict without a unaminous jury
determination concerning the Indiana state offenses. It was
further decided that based on the Supreme Court holding in Richardson
v. United States, 526 U.S. 813, 817 (1999) establishing the
rule requiring that the jury must, to convict, be unaminous
with respect to all the elements of the charged offense. So
therefore, the liability created by 18 U.S.C. § 2422(b) depends
on the defendant's having violated another statute, and the
elements of the offense under that other statute must therefore
be elements of the Federal offense in order to perserve the
requirement of jury unamimity. Mannava, 565 F.3d at 415.
Understandably, Mr. Hammond did not go to trial as described
supra. But the issue is the same. As with Mannava, Mr. Hammond's
indictment was silent concerning Missouri law violations. This
violated Richardson and renders the indictment insufficient.

Mr. Lewis never discussed the Missouri statutes referenced
in the indictment wih Mr. Hammond. Granted, the Seventh Circuit
opinion in Mannava is not binding on the Eighth Circuit, but
it is definitely persuasive authority as it implicates Supreme
Court precedence in Richardson. And that is where the ineffectiveness
enters the picture concerning count one. At the very least,
Mr. Lewis should have researched and advised Mr. Hammond what
Missouri laws the indictment should have referenced. He further
should have explained the liability created by the underlying
Missouri state offense and that a jury would have to be unanimous

- 3 -

in it's determination of the elements of the state offense. Most importantly, he should have explained that, "when Congress chose to define a (federal) crime by state law, a federal prosecutor cannot exceed the scope of the state law and seek to punish conduct that is not (or may not) be illegal under the <u>statutes</u> referenced in the indictment—even if the conduct is disturbing." <u>United States v. Taylor</u>, 640 F.3d 255 (7th Cir. 2011)(Manion, Circuit Judge, concurring).

2. "Sexual Activity" is not a defined term in the federal criminal code (Title 18). Chapter 117 of the Code, which contains section 2422(b) does not have a definition section. The next section after section 2422 states that as used the next section "the term 'illicit sexual conduct' means ... a sexual act (as defined in section 2246) with a person under 18 years of age." 18 U.S.C. 2423(f). The relevant part of section 2246, which appears in Chapter 109A of Title 18, defines "sexual act" as "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years." 18 U.S.C. § 2246(2)(D). So it could reasonably be construed based on the preceding definitions that the statutory term "sexual activity" is synonymous with "sexual act". It is this lack of clarity that renders the indictment at issue insufficient as Mr. Hammond did not engage in any "sexual act". See <u>United States v. Taylor</u>, 640 F.3d 255 (7th Cir. 2011).

Yet again, Mr. Lewis was ineffective for not identifying this important reality and improperly advised Mr. Hammond to plea guilty to count one without adequately informing him of

- 4 -

the law in relation to the fact, therefore not allowing him to make a fully informed decision on whether or not to plea or proceed to trial.

Clearly, there are material factual allegations based on the foregoing that must be resolved through an evidentiary hearing contrary to the government's assertion.

B.  Ineffective Assistance - Count Three

In it's response to Mr. Hammond's § 2255 motion, the government claims somehow that Mr. Hammond's "admissions" at his change of plea hearing somehow irrefuteably establishes a factual basis that a crime was in fact committed. But it is exactly for this reason that ineffective assistance of counsel occurred. Had Mr. Lewis even performed a cursory analysis of the factual basis used to indict Mr. Hammond on count three, he would have clearly recognized that at no time did Mr. Hammond ever instruct the victim to video herself masturbating and send him a picture or video of that conduct. This is key because there is a distinctive difference between someone who simply solicits "pictures" versus someone discribing in detail what acts to perform and produce images of. Mr. Hammond never, at any time, instructed the victim to produce sexually explicit pictures or videos. This is clearly established in Mr. Hammond's § 2255 motion. It is also clearly established in the factual record. There is nowhere in the record that the government can pinpoint Mr. Hammond instructing the victim to masturbate and send him the video. This was done all on her own volition.

The government claims that Mr. Hammond's count three actual innocence claim is "... conclusively rebutted by his admission at his change-of-plea hearing that he did, infact, commit that crime." See Response at 2. If not for the ineffective assistance of counsel, Mr. Hammond would have never agreed to plea guilty to count three. "One simply cannot be convicted by pleading guilty to conduct that is not a crime." See United States v. Peter, 155 F.3d 1318, 1324-25 (11th Cir. 1998). That is precisely what has happened here. There was a conviction by guilty plea to a crime of which the defendant was in fact not guilty. Had Mr. Lewis possessed a correct understanding of the law in relation to the facts, he would have quickly realized the government's attempt to "over reach" and charge Mr. Hammond for engaging in conduct that was not criminal. Yes, Mr. Hammond told the victim to send him some pictures. (unspecified) Simply soliciting "pictures" is itself very vague. It can mean many things, from the very benign to the extreme. Obviously, the victim chose the extreme. But this was her own choice.

Mr. Lewis advised his client that it would be best to plea guilty, without a written agreement, to count(s) one and three of the indictment. This guilty plea was more than a confession; it is an admission that the accused committed the crime charged against him. It is an admission of guilty of a substantive crime, thus (1) a defendant must, under Rule 11(c)(1) of Fed.R. Crim.Proc., be instructed in open court on the nature of the charges to which the plea is offered, and (2) the plea cannot truly be voluntary unless the defendant possesses an understanding

of the law in relation to the facts. See <u>Untied States v. Broce</u>, 488 U.S. 563 (1989). ANd that is precisely what is at issue here. If the trained legal professional assigned to defend and advocate for Mr. Hammond did not possess a correct understanding of the law in relation to the facts, how was Mr. Hammond supposed to figure it all out? This placed Mr. Hammond at an "actual and substantial disadvantage". See <u>Murray v. Carrier</u>, 477 U.S. 478, 494 (1986). This resulted in the proceedings being "fundamentally unfair or unreliable". <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993). Therefore, were it not for the ineffectiveness on the part of Mr. Lewis resulting in a conviction on count three by guilty plea by someone who is actually (factually) innocent of the requisite conduct, Mr. Hammond would not have agreed to plea guilty and stipulate to that charge. See <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).

## SUMMARY

To summarize, due to ineffective assistance of counsel, Mr. Hammond was misadvised into entering an unknowning, involuntary plea causing him to be convicted of a substantive crime of which he is not guilty and no jury would have been able to find him guilty beyond a reasonable doubt. Had he known the truth and been properly advised, he would have rejected the idea of a guilty plea and clearly would have proceeded to trial.

Contrary to the government's assertion that an evidentiary hearing is not necessary, clearly there are material, factual allegations in dispute that can only be resolved through the evidentiary hearing process. It is for these reasons that an

7
Case 6:14-cv-03049-MDH Document 14 Filed 05/12/14 Page 7 of 10

evidentiary hearing is required.

I, Adam Hammond, declares under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, this 5th day of May 2014.

Adam Hammond

Respectfully submitted,

Date: 5-5-14

Adam Hammond, Pro Se
Reg. No. 23138-045
U.S. Penitentiary
P.O. Box 1000
Marion, Illionis  62959

- 8 -

Case 6:14-cv-03049-MDH   Document 14   Filed 05/12/14   Page 8 of 10

CERTIFICATE OF SERVICE

I, Adam Hammond, hereby certifies that a true and correct copy of the foregoing Reply to Government's Response In Opposition to Movant's Motion Under 28 U.S.C. § 2255 has been sent via first class, postage prepaid mail using the United States Postal Service by giving the same to institutional officials for mailing on this 5th day of May 2014 and address to the following party:

Mr. James J. Kelleher
Assistant U.S. Attorney
901 St. Louis, Suite 400
Springfield, Missouri 65806

Executed on: 5-5-14   By: _____
                          Adam Hammond

CLERK, U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

EL 62954-1500

legal mail



Pr, Pa Se

⇧ 23138-045 ⇧
Office Clerk
U.S. District Court
222 N JOHN Q Hammons PKWY
1400 U.S. Courthouse
Springfield, MO 65806
United States

CLERK, U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

MON 05 MAY 2014 PM